UNION PACIFIC LAND RESOURCES CORPORATION, a corporation; Champlin Petroleum Company, a corporation; and Amoco Production Company, a corporation, Plaintiffs,

v.

MOENCH INVESTMENT COMPANY, LTD., a limited partnership, and Thousand Peaks Ranches, Inc., d/b/a Howells Livestock, Inc., a corporation, Defendants.

No. C79–157K.

United States District Court, D. Wyoming.

Aug. 15, 1980.

D. Thomas Kidd, Houston G. Williams, Casper, Wyo., Daniel M. Gribbon, Russell H. Carpenter, Jr., and Lawrence T. MacNamara, Jr., Washington, D. C., for plaintiffs Union Pacific Land Resources Corporation and Champlin Petroleum Company.

Houston G. Williams, Casper, Wyo., Frank H. Houck, Denver, Colo., Ewing Werlein, Jr., Ben H. Rice, III, and Page I. Austin, Houston, Tex., for plaintiff Amoco Production Company.

Robert Martin, Wichita, Kan., Gary W. Davis, Lamar, Colo., Edward W. Clyde, Rodney G. Snow, Salt Lake City, Utah, Richard Bostwick, and David A. Scott, Casper, Wyo., for defendants Moench Investment Company, Ltd., and Thousand Peaks Ranches, Inc.

## ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT AND SUMMARY JUDGMENT

KERR, District Judge.

The above–entitled matter coming on regularly for hearing before the Court upon plaintiffs' Motion for Summary Judgment, and the Court having heard the arguments of counsel in support of said Motion and in opposition thereto, and the Court having taken said matter under advisement and having fully and carefully considered the pleadings, exhibits, affidavits and memorandum briefs filed on behalf of the parties, and all matters relevant thereto, and being fully advised in the premises; FINDS

1. Plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $10,000 exclusive of interest and costs.

2. The Court has jurisdiction of this controversy pursuant to 28 U.S.C. 1332(a).

3. This is an action to quiet title to minerals in certain sections and part–sections of land in Uinta County, Wyoming. The legal description of the lands in question is as follows:

Township 12 North, Range 120 West of the 6th P.M.
Section 19: All
Township 12 North, Range 121 West of the 6th P. M.
Section 1: All
Section 3: Lots 1, 2, 3
Section 11: All but the SW–¼–SW¼
Section 13: All

4. The lands, including all minerals and mineral rights therein, were granted in fee to the Union Pacific Railroad Company, a federally–chartered corporation, its successors and assigns, by and under the Pacific Railway Act of 1862, 12 Stat. 489, as amended in 13 Stat. 356 (1864), (the Union Pacific Act).

5. These lands were conveyed by the United States of America to Union Pacific Railroad Company, a Utah corporation, as a successor in interest to the original grantee, by Patents No. 63 and 65, dated May 28, 1901.

6. By Warranty Deeds dated March 12, 1908 and December 7, 1909, Union Pacific Railroad Company conveyed the lands to Rigby Ranch Company, subject to a reservation to the Union Pacific Railroad Company, its successors and assigns, of "all coal and other minerals within or underlying said lands." The language of the mineral reservations is identical to the language of

the reservation construed by this Court in *Amoco Production Company v. Guild Trust*, 461 F.Supp. 279 (Wyo.1978).

7. Plaintiffs are collectively the successors to the mineral estate reserved by Union Pacific Railroad Company in its conveyances to Rigby Ranch Company.

8. Defendants are successors in interest to Rigby Ranch Company and are owners of record of the lands, subject to the aforesaid mineral reservations in favor of Union Pacific Railroad Company.

9. By Quitclaim Deed dated April 1, 1971, the reserved mineral estates were conveyed by Union Pacific Railroad Company to Union Pacific Land Resources Corporation. This corporation then executed a Mineral Deed of the oil and gas rights, dated December 10, 1976, to Champlin Petroleum Company. Champlin then granted an Oil and Gas Lease to Amoco Production Company, dated January 12, 1977, of oil and gas rights in certain of the subject lands.

10. There is no genuine issue as to any material fact and the case is ripe for Summary Judgment.

■ 11. The reservations of "all coal and other minerals" in the deeds to the lands are lawful and valid reservations of minerals according to their terms, and are in no way contrary to or inconsistent with the Union Pacific Act. *Burke v. Southern Pacific Railroad Co.*, 234 U.S. 669, 34 S.Ct. 907, 58 L.Ed. 1527 (1914); *Leo Sheep Co. v. United States*, 440 U.S. 668, 99 S.Ct. 1403, 59 L.Ed.2d 677 (1979).

■ 12. The reservations of "all coal and other minerals" in the deeds to the lands unambiguously sever the mineral estate and reserve to Union Pacific Railroad Company, its successors and assigns, all right, title and interest in the entire mineral estate, including all oil, gas and associated liquid and gaseous hydrocarbons in and under the subject lands and attendant rights of surface access. *Amoco Production Company v. Guild Trust*, supra.

13. Plaintiffs are therefore entitled to a judgment quieting their title to the entire mineral estate, including all oil, gas and associated liquid and gaseous hydrocarbons in and underlying the subject lands, and plaintiffs are entitled to a permanent injunction enjoining defendants, their agents, servants, employees and any persons acting in concert or participation with them who receive actual notice of this Court's order from interfering or attempting to interfere with the exercise by plaintiffs of the mineral rights confirmed by the judgment.

NOW, THEREFORE, IT IS ORDERED that the Motion for Summary Judgment be and the same is hereby granted in favor of the plaintiffs and against the defendants, quieting title to the aforesaid described premises; it is

FURTHER ORDERED that each party pay its own costs.